UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR MIDGLEY, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (DOC. NO. 34)**<br><br>Case No. 1:24-cv-00125<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff David Crossett has filed a motion to proceed *in forma pauperis*.[1] As explained below, because Mr. Crossett has already paid the filing fee and has not demonstrated he qualifies to proceed *in forma pauperis*, his motion is denied.

Under 28 U.S.C. § 1915, a federal court may authorize commencement of an action without prepayment of fees by a person who is unable to pay such fees.[2] To qualify for a fee waiver under § 1915, a party must show a financial inability to pay the required filing fee.[3] The District of Utah's local rules require that "a party's total monthly income must be equal to or below 200% of the United States poverty guideline" to

---

[1] (Doc. No. 34.)

[2] 28 U.S.C. § 1915(a)(1).

[3] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

1

qualify.[4]  "[P]roceeding [*in forma pauperis*] in a civil case is a privilege, not a right—fundamental or otherwise."[5]  "The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the trial court."[6]

Here, Mr. Crossett paid the filing fee when he filed this case on July 23, 2024.[7]  Therefore, Mr. Crossett has not demonstrated an inability to pay the fee.  Additionally, while he reports his individual income is below 200% of the federal poverty guideline, he reports his spouse's income far exceeds this threshold.[8]  Although Mr. Crossett argues spousal income should not be considered,[9] courts have routinely recognized that income of a party's spouse or other close family members is relevant to determining indigency under 28 U.S.C. § 1915.[10]  Considering his spouse's income, Mr. Crossett

---

[4] DUCivR 3-2(a)(1)(A).  The local civil rules are available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202023.pdf.

[5] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (second alteration in original) (internal quotation marks omitted).

[6] *Cabrera v. Horgas*, No. 98-4231, 1999 U.S. App. LEXIS 7890, at *2 (10th Cir. Apr. 23, 1999) (unpublished).

[7] (*See* Docket Text Entry for Compl., Doc. No. 1 (acknowledging receipt of the filing fee).)

[8] (*See* Mot. to Proceed In Forma Pauperis 2, Doc. No. 34.)

[9] (*See id.* at 6.)

[10] *See, e.g.*, *Martin v. A-1 Elec. Heat & Air*, No. CIV-16-1348-R, 2016 U.S. Dist. LEXIS 181888, at *2 n.2 (W.D. Okla. Dec. 20, 2016) (unpublished) ("Spousal income is an appropriate consideration when making a determination as to whether an applicant qualifies to proceed in forma pauperis."); *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1155 (D. Kan. 2001) ("In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915."); *see also McKinzy v. Tyson Foods, Inc.*, No. 19-2528, 2019 U.S.

does not qualify for a fee waiver.  For all these reasons, Mr. Crossett has not demonstrated he qualifies to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Therefore, Mr. Crossett's motion to proceed *in forma pauperis*[11] is denied.

DATED this 23rd day of October, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

Dist. LEXIS 168909, at *2 (D. Kan. Sept. 30, 2019) (unpublished) (considering household income in denying a motion to waive the filing fee).

[11] (Doc. No. 34.)