UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR MIDGLEY, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR HEARING BEFORE DISTRICT JUDGE, REASSIGNMENT OF CASE, AND STAY OF DECISION**<br>**(DOC. NO. 37)**<br><br>Case No. 1:24-cv-00125<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff David Crossett, proceeding without an attorney, has filed a "Motion for Hearing Before District Judge, Reassignment of Case, and Stay of Decision of Motion of Judgment of Pleading for 60 Days."[1] Mr. Crossett requests a hearing before the district judge or, alternatively, "to reassign the case from Magistrate Judge Daphne Oberg."[2] Mr. Crossett also seeks to stay any decision on the defendants' motion for judgment on the pleadings[3] for sixty days to "allow [him] sufficient time to prepare an opposition."[4] For the reasons explained below, Mr. Crossett's motion is denied.

---

[1] ("Mot.," Doc. No. 37.)

[2] (*Id.* at 1.)

[3] (Doc. No. 33.)

[4] (Mot. 3, Doc. No. 37.)

1

### A. Request for a Hearing Before the District Judge

Mr. Crossett's request for a hearing before the district judge on this motion is denied, at this juncture. This case is assigned to District Judge David Barlow and referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).[5] Under this type of referral, a magistrate judge may issue orders on nondispositive pretrial motions and may issue reports and recommendations to the district judge on dispositive motions. The instant motion is a nondispositive motion referred to the undersigned magistrate judge.[6] Therefore, the undersigned will address this motion in the first instance.[7] (If, however, the district judge determines a hearing is warranted, a hearing will be set by the district judge's chambers.)

### B. Request for Reassignment/Disqualification

Mr. Crossett argues the undersigned magistrate judge should be removed from this case for several reasons. First, he argues the court unfairly characterized his filings as frivolous and threatened to impose filing restrictions, with "no clear reasons or explanations as to why [his] motions were labeled frivolous" or opportunity to correct deficiencies.[8] Next, Mr. Crossett argues the court failed to provide "guidance and

---

[5] (*See* Notice of Non-Consent, Doc. No. 14.)

[6] (*See* Docket Text, Doc. No. 37.)

[7] Mr. Crossett has separately filed an objection to one of the undersigned's prior orders. (*See* Obj. to Order Labeling Mots. as Frivolous and Threatening Filing Restrictions, Doc. No. 38.) This objection will be addressed by the district judge.

[8] (Mot. 1–2, Doc. No. 37.) Mr. Crossett appears to be referencing the court's October 2, 2024 docket text order. (Doc. No. 30.) As noted, Mr. Crossett has separately filed an

accommodations" despite documentation submitted at the inception of the case "clearly indicating [his] status as a protected class individual under the ADA."[9]  Finally, Mr. Crossett argues the court's orders denying his motions for sanctions against Defendants' counsel (which he describes as seeking "to compel communication from opposition counsel") have obstructed his ability to effectively litigate this case.[10]  Mr. Crossett argues all these rulings "have raised concerns of prejudicial treatment" and denied him accommodations to which he is entitled.[11]

Construing Mr. Crossett's motion liberally,[12] he may be attempting to seek disqualification under 28 U.S.C. § 455, which provides "[a]ny justice, judge, or magistrate judge of the United States" must disqualify themselves if certain circumstances exist, most notably "in any proceeding in which [her] impartiality might

---

objection to this order.  (*See* Obj. to Order Labeling Mots. as Frivolous and Threatening Filing Restrictions, Doc. No. 38.)

[9] (Mot. 2, Doc. No. 37.)

[10] (*Id.*)

[11] (*Id.*)

[12] Because Mr. Crossett proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).  Further, the district court may not "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.  Therefore, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

reasonably be questioned."[13]  A judge has a "continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality."[14]  But "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are "not ordinarily sufficient to require [§] 455(a) recusal."[15]  Further, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[16]

Mr. Crossett has not demonstrated disqualification is warranted under 28 U.S.C. § 455.  All Mr. Crossett's arguments are based on the court's prior orders, including the orders denying his motions for sanctions[17] and the orders denying his motions for accommodations.[18]  While Mr. Crossett may disagree with these rulings, the orders are not, on their own, a valid basis for disqualification.  Further, Mr. Crossett's conclusory allegations regarding "prejudicial treatment" and denial of unspecified accommodations are insufficient to demonstrate bias or partiality.  Mr. Crossett does not identify any specific accommodations to which he is entitled that have been denied.  In sum, Mr.

---

[13] 28 U.S.C. § 455(a).

[14] *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).

[15] *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

[16] *United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020) (unpublished) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

[17] (Doc. Nos. 25 & 30.)

[18] (Doc. Nos. 24 & 29.)

Crossett has not shown any factual grounds exist to cause an objective observer reasonably to question the undersigned's impartiality.  Accordingly, Mr. Crossett has not demonstrated grounds for recusal or disqualification, and his request to remove the undersigned from the case is denied.

### C. Request for a Stay

Mr. Crossett requests the court stay any ruling on the pending motion for judgment on the pleadings for sixty days.[19]  Mr. Crossett argues a stay is necessary "to allow [him] sufficient time to prepare an opposition, in light of the need for reasonable accommodations and [his] pro se status."[20]

This request is construed as a request for an extension of time to respond to the motion for judgment on the pleadings.  On November 3, 2024, while the instant motion for an extension was pending and before the deadline to respond to the motion for judgment on the pleadings passed,[21] Mr. Crossett filed a response to the motion for judgment on the pleadings.[22]  Because Mr. Crossett has already filed a response, Mr. Crossett's request for an extension of time to respond is denied as moot.

---

[19] (Mot. 3, Doc. No. 37.)

[20] (*Id.*)

[21] The motion for judgment on the pleadings was filed on October 18, 2024.  (Doc. No. 33.)  Under the local rules, a response to such a motion is due twenty-eight days after service.  *See* DUCivR 7-1(a)(4)(A)(iii) (providing response deadline for motions filed under Rule 12(c) of the Federal Rules of Civil Procedure).  Thus, Mr. Crossett's deadline to respond to the motion for judgment on the pleadings was November 15, 2024.

[22] (Pl.'s Resp. to Def.'s Mot. for J. on the Pleadings, Doc. No. 42.)

## CONCLUSION

Mr. Crossett's motion[23] is denied.

DATED this 5th day of November, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[23] (Doc. No. 37.)