THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID CROSSETT,<br><br>    Plaintiff,<br><br>v.<br><br>CARRIAGE CROSSING CONDOMINIUMS, HOA STRATEGIES, TREVER MIDGLEY, JOSEPH GROBERG, ERIKA LNU, HARLAND REIST, HEIDI BELNAP, JOY AMES, LOGAN VAN WAGONER-CARRUTH, LYNNE WILDE, VALON LEE, MILLER HARRISON, LLC, and DOUG SHUMWAY,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [ECF NOS. 38 AND 39] PLAINITFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR ACCOMODATION AND ORDER DENYING MOTION IN LIMINE**<br><br>Case No. 1:24-cv-00125<br><br>District Judge David Barlow |

Plaintiff David Crossett ("Mr. Crossett") objects to the magistrate judge's decisions denying his motion for reasonable accommodations and motion in limine. For the reasons stated below, the court overrules the objection.

**BACKGROUND**

Mr. Crossett is a pro se plaintiff bringing several claims against Defendants, including violations of the Americans with Disabilities Act, fraud, conspiracy, negligence, and intentional infliction of emotional distress.[1] Mr. Crossett filed a motion for accommodations on August 30, 2024.[2] Mr. Crossett made four requests in his motion, asking for leave to amend in any and all

---

[1] Amended Complaint, ECF No. 18, filed Aug. 28, 2024.
[2] Motion Request for Reasonable Accommodation under the Americans with Disabilities Act ("Accommodations Motion"), ECF No. 19, filed Aug. 30, 2024.

1

situations, for all proceedings to be held virtually, for leniency in the proceedings, and for early discovery.[3] On September 4, 2024, Mr. Crossett filed a Motion in Limine requesting that the court exclude all evidence presented by Defendants that "has been influenced by" defense counsel.[4]

Magistrate Judge Oberg denied Mr. Crossett's motion for accommodations without prejudice on September 5, 2024.[5] Judge Oberg denied Mr. Crossett's first and fourth requests, stating that Mr. Crossett must follow the Federal Rules of Civil Procedure, the District of Utah's local rules, and the court's orders regarding amendment of pleadings and timing of discovery.[6] Judge Oberg denied Mr. Crossett's second request because no hearings had been scheduled, stating that if a hearing is scheduled in the future, Mr. Crossett may file a motion requesting to appear by video at that time.[7] Judge Oberg then denied Mr. Crossett's third request, stating that he may file a motion requesting an extension of a specific deadline as the need arises.[8]

On October 2, 2024, Judge Oberg denied Mr. Crossett's Motion in Limine, stating that his allegations of misconduct were unsupported and that the court would not address evidentiary issues at this early stage in the litigation.[9] The order then states that because Mr. Crossett had filed two unfounded requests for sanctions against defense counsel, he is "advised that the

---

[3] *Id.*
[4] Plaintiff's Motion in Limine to Exclude Evidence Due to Opposing Counsel's Ethical Violations and Outrageous Behavior 3 ("Motion in Limine"), ECF No. 21, filed Sep. 4, 2024.
[5] Order Denying Without Prejudice Motion for Reasonable Accommodation ("Accommodations Order"), ECF No. 24, filed Sep. 5, 2024.
[6] *Id.* at 2.
[7] *Id.* at 3.
[8] *Id.*
[9] Docket Text Order denying Plaintiff's Motion in Limine ("DTO"), ECF No. 30, filed Oct. 2, 2024.

repeated filing of unsupported or otherwise frivolous motions may result in the court imposing filing restrictions on him in this case."[10]

On October 26, 2024, Mr. Crossett filed his Objection to the Magistrate Judge's Decision[11] and Motion to Require Reasonable Accommodations.[12]

## STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[13] "The clearly erroneous standard. . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[14] "Under the contrary to law standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard."[15]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[16] However, pro se parties must still "follow the same rules of procedure that govern other litigants."[17]

---

[10] *Id.*
[11] Objection to Order Labeling Motions as Frivolous and Threatening Filing Restrictions ("Objection"), ECF No. 38, filed Oct. 26, 2024.
[12] Motion to Require Reasonable Accommodations under the Americans with Disabilities Act and Supporting Legal Authorities, ECF No. 39, filed Oct. 26, 2024. This motion is identical to the Objection, therefore, the court addresses them together.
[13] Fed. R. Civ. P. 72(a).
[14] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[15] *Raytheon Co. v. Cray, Inc.*, No. 2:16-MC-898-DAK, 2017 WL 823558, at *2 (D. Utah 2017) (quoting *Williams v. Vail Resorts Dev. Co.*, No. 02-CV-16-J, 2003 WL 25768656, at *2 (D. Wyo. 2003)) (cleaned up).
[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).
[17] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

3

## DISCUSSION

Mr. Crossett's objection stems from the magistrate judge's order identifying his Motion in Limine as frivolous. But the magistrate judge's statement that "frivolous motions may result in the court imposing filing restrictions" was not clearly erroneous. Mr. Crossett's motion was filed before a scheduling order was proposed by the parties or entered by the court. Moreover, the motion sought to exclude "all evidence and testimony presented by the Defendants that has been influenced by the unethical, outrageous, and shocking behavior of the Defendants' counsel."[18] Mr. Crossett filed the motion on the same day he filed his Motion to Compel Discovery Responses and for Sanctions, which also alleged unethical behavior by defense counsel.[19] The magistrate judge did not commit clear error by labeling these duplicative and untimely filings as frivolous.[20]

Mr. Crossett makes three arguments in his objection to the magistrate judge's orders. First, he argues the court's order labeling his motion as frivolous and "threatening restrictions" on future filings may infringe his constitutional due process rights. Second, he argues the magistrate judge may have failed to account for his rights under the Americans with Disabilities Act. Third, Mr. Crossett argues the magistrate judge's orders may unfairly restrict his ability to proceed pro se.

---

[18] Motion in Limine 3.
[19] Motion to Compel Discovery Responses and for Sanctions, ECF No. 20, filed Sep. 4, 2024.
[20] *See In re Anderson*, 511 U.S. 364, 365 (1994) (per curiam) (quoting *In re Sindram*, 498 U.S. 177, 180 (1991)) ("The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous [motions].")

4

These arguments are unavailing. First, due process is not violated when a court imposes restrictions on frivolous filing.[21] Moreover, the magistrate judge has not enjoined Mr. Crossett from making further filings or otherwise imposed filing restriction upon him.[22] Therefore, the magistrate judge's statement that filing frivolous motions may result in sanctions was not clearly erroneous and has not infringed on Mr. Crossett's constitutional rights.

Second, the magistrate judge's order denying Mr. Crossett's request for accommodations without prejudice was not clearly erroneous. The order states that Mr. Crossett must follow the regular rules of procedure and that he may file a motion requesting to appear by video or for a deadline extension as the need arises.[23] Although Mr. Crossett is proceeding pro se, it is not clearly erroneous to deny him prospective exemptions from the regular rules of procedure due to these conditions.

Finally, there is no indication the magistrate judge has not given Mr. Crossett sufficient leniency as a pro se litigant. The magistrate judge stated that "Mr. Crossett's filings in this case will be liberally construed and held 'to a less stringent standard than formal pleadings drafted by lawyers.'"[24] Although Mr. Crossett argues that the magistrate's orders may restrict his ability to represent himself, there is no indication that the magistrate has treated him unfairly.[25]

---

[21] *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."); *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) ("the right of access to courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.") (internal citations omitted).

[22] *See Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) ("An injunction limiting further filings may be imposed 'where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.'") (quoting *Andrews*, 483 F.3d at 1077).

[23] Order 2–3.

[24] Order 2 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[25] *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) ("the generous construction that we afford pro se pleadings has limits, and we must avoid becoming the plaintiff's advocate.")

In short, the magistrate judge's orders were not clearly erroneous or contrary to law. Indeed, those decisions were correct. Accordingly, Mr. Crossett's objection to the magistrate judge's orders is overruled.

## ORDER

The Court OVERRULES Mr. Crossett's objection to Magistrate Judge Oberg's orders denying Plaintiff's motion for accommodation and motion in limine.[26]

Signed November 15, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[26] ECF No. 38; ECF No. 39.