UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR MIDGLEY, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION TO:<br>(1) GRANT IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 33),<br>(2) DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. NO. 60),<br>(3) DISMISS ADA CLAIM FOR FAILURE TO STATE A CLAIM, AND<br>(4) DISMISS REMAINING CLAIMS WITHOUT PREJUDICE<br><br>Case No. 1:24-cv-00125<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff David D. Crossett, proceeding without an attorney, filed this action against his condominium association, the management company, individual managers, and current and former members of the association's board of directors, claiming the defendants violated his rights under the Americans with Disabilities Act[1] (ADA).[2] Mr. Crossett filed an amended complaint asserting state-law claims and adding the

---

[1] 42 U.S.C. § 12101, et seq.

[2] (Compl. for Violation of Civ. Rts. (Compl.), Doc. No. 1.)

defendants' attorney and his law firm as defendants.[3] The defendants have filed a motion for judgment on the pleadings, arguing Mr. Crossett fails to state a cognizable claim for relief in either complaint and seeking dismissal of all claims with prejudice.[4] Mr. Crossett has also moved for a preliminary injunction related to his ADA claim.[5]

Because Mr. Crossett fails to state a cognizable claim under the ADA (his only federal claim), and it is appropriate to decline to exercise jurisdiction over the remaining state-law claims, the undersigned[6] recommends the district judge (1) grant in part the defendants' motion for judgment on the pleadings, (2) deny Mr. Crossett's motion for a preliminary injunction, (3) dismiss the ADA claim for failure to state a claim, and (4) dismiss the remaining state-law claims without prejudice.

## LEGAL STANDARDS

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated under the Rule 12(b)(6) standard.[7] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that

---

[3] (Am. Compl., Doc. No. 18.)

[4] (Rule 12(c) Mot. for J. on the Pleadings on Pl.'s Compls. (Rule 12(c) Mot.), Doc. No. 33.)

[5] (Pl.'s Mot. for Prelim. Inj. and Sanctions, Doc. No. 60.)

[6] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 14.)

[7] *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").

is plausible on its face."[8]  The court accepts well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[9]  But the court need not accept a plaintiff's conclusory allegations as true.[10]  "[A] plaintiff must offer specific factual allegations to support each claim,"[11] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]  This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[13]

Because Mr. Crossett proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[14]  Still, a pro se plaintiff must follow the same procedural rules as other litigants.[15]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts

---

[8] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[9] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[13] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citation modified).

[14] *Hall*, 935 F.2d at 1110.

[15] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

on which a recognized legal claim could be based."[16]  While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[17] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[18]

## BACKGROUND

### A. Original Complaint

Mr. Crossett filed a form civil rights complaint in July 2024, asserting a claim for violations of the ADA.[19]  The caption lists the following defendants: HOA Strategies, Inc., Travis Midgley, Joseph Groberg, "Ericka," Harland Reist, Heidi Belnap, Joy Ames, Logan Van Wagoner Carruth, Lynne Wilde, and Valon Lee.[20]  The body of the complaint also identifies "Carriage Crossings Board of Directors" as a defendant.[21]  The complaint describes Trevor Midgley and Joseph Groberg as founders of HOA Strategies, and

---

[16] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (citation modified).

[17] *Hall*, 935 F.2d at 1110.

[18] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

[19] (Compl., Doc. No. 1-6.)  Because the original complaint (Doc. No. 1) was submitted on a fillable PDF form and some portions of the text were not visible when opened in other formats, a new version of the original complaint has been docketed with those portions of the text appended at the end.  (Doc. No. 1-6; *see also* Modification of Docket, Doc. No. 66.)

[20] (Compl. 1, Doc. No. 1-6.)

[21] (*Id.* at 3.)

"Erika" as "director of strategies."[22]  The other individual defendants are not mentioned in the body of the complaint, but the defendants' subsequent filings indicate they are current or former board members of the condominium association.[23]

Mr. Crossett first alleges he discovered in the winter of 2022 that the "previous HUD certification" had "expired in 2011."[24]  Mr. Crossett "being handicap[ped] and aged was not allowed to reverse mortgage funding due to HUD expiration without notice."[25] He advertised to rent a bedroom in his condo as additional senior income, but the HOA notified him this was illegal and against the HOA covenants.[26]  In the spring of 2022, waterfalls and ponds were not properly prepared, and Mr. Crossett "complained over several weeks asking for ponds to be available as required."[27]  In 2024, Mr. Crossett made service requests related to the pond area, exposed insulation, a tennis court which was nonfunctional and a "safety hazard," and bees invading the balcony area.[28] Mr. Crossett alleges these requests were either denied or the response was inadequate.[29]  Additionally, a service animal defecated or vomited on the staircase

---

[22] (*Id.* at 2–3.)

[23] (*See* Rule 12(c) Mot. 3, Doc. No. 33.)

[24] (Compl. 4, Doc. No. 1-6.)

[25] (*Id.* at 4, 7.)

[26] (*Id.* at 7.)

[27] (*Id.*)

[28] (*Id.*)

[29] (*Id.*)

leading to Mr. Crossett's condo, and Mr. Crossett, who is "nearing blind," could not traverse that staircase.[30] He notified HOA Strategies immediately but the "situation continued" until the next day.[31]

Mr. Crossett claims HOA Strategies' "ongoing lack of response" violated his rights under the ADA and caused pain, emotional distress, loss of sleep, loss of appetite, emotional trauma, and significant loss of income.[32] He also states he is a member of a protected class under the ADA, he asked for reasonable accommodations, and those accommodations were refused.[33] Mr. Crossett seeks compensatory damages of $45,000, damages of $150,000 for pain and suffering, $1.5 million in punitive damages, and attorney fees.[34]

B. *Amended Complaint*

In August 2024, Mr. Crossett filed a document labeled as an amended complaint.[35] The caption includes the same individual defendants, and also lists "HOA Strategies LLC," "Carriage Crossing Condominium [U]tah non-profit corporation," Miller Harrison Law, and Douglas Shumway (defendants' counsel) as defendants.[36] The

---

[30] (*Id.*)

[31] (*Id.*)

[32] (*Id.* at 4.)

[33] (*Id.*)

[34] (*Id.* at 5.)

[35] (Am. Compl., Doc. No. 18.)

[36] (*Id.* at 1.)

amended complaint references the ADA claim from the original complaint, but does not reassert that claim or the supporting allegations.[37] Instead, Mr. Crossett states the purpose of the amended complaint is to add new claims of "fraud, conspiracy, intentional misrepresentation, personal injury, breach of the covenant of good faith and fair dealing, and harassment based on newly discovered evidence and subsequent events."[38]

In support of the claims for fraud, conspiracy, and intentional misrepresentation, Mr. Crossett alleges HOA Strategies "knowingly and falsely represented that a comfort animal within the association was lawfully certified, despite the absence of such certification."[39] In support of his harassment claim, Mr. Crossett alleges defendants' counsel, Mr. Shumway, tried to prohibit him from speaking at an HOA meeting because he was "not listed on the deed of the property."[40] In support of his personal injury claim, Mr. Crossett alleges "Defendants' actions, including deliberate delay, noncommunication, attempts to intimidate [him], and harassment by [Mr. Shumway], were outrageous and intended to cause, or were recklessly indifferent to causing, severe emotional distress.[41] He claims that "as a direct result," he experienced a

---

[37] (*See id.* at 2.)

[38] (*Id.* at 1.)

[39] (*Id.* at 2–4.)

[40] (*Id.* at 2.)

[41] (*Id.* at 3.)

medical emergency requiring immediate intervention and ongoing medical treatment.[42] In support of his negligence claim, Mr. Crossett alleges the defendants owed him a duty to "act in good faith and truthfully in all dealings," and breached this duty by "providing false information, delaying communications, engaging in deceptive practices, and harassing [him], as demonstrated by [Mr. Shumway's] conduct during the HOA meeting."[43] The amended complaint also lists breach of the covenant of good faith and fair dealing as a claim but contains no related allegations.[44]

Mr. Crossett attached four exhibits to his amended complaint: two fire department billing reports relating to emergency services calls for Mr. Crossett, and two letters from medical providers regarding his medical conditions and need for accommodations.[45]

### C. *Motion for Judgment on the Pleadings and Motion for Preliminary Injunction*

After filing an answer,[46] Defendants moved for judgment on the pleadings, arguing none of the causes of action in the original complaint or the amended complaint

---

[42] (*Id.*)

[43] (*Id.* at 4.)

[44] (*See id.*)

[45] (*See* Exs. 1–4 to Am. Compl., Doc. Nos. 18-1–18-4.) One of the letters specifically states its purpose is to verify Mr. Crossett's disability. It lists his medical conditions and states that because of these conditions, he is homebound and unable to work, drive, or ambulate without assistance. (*See* Ex. 4 to Am. Compl., Letter from A. Brett Morrill, DO, Doc. No. 18-4.)

[46] (Doc. No. 26.)

state a cognizable claim.[47] Defendants also contend the amended complaint replaces the original complaint in its entirety, but they address both complaints "out of an abundance of caution."[48]

Mr. Crossett filed a response, arguing the motion is premature and should be addressed after fact discovery.[49] Mr. Crossett also filed a motion to "clarify the procedural status of his Amended Complaint," explaining he did not intend to replace the original complaint but merely to supplement it with new claims.[50]

After the motion for judgment on the pleadings was fully briefed, Mr. Crossett filed a motion for preliminary injunction.[51] He argues HOA Strategies violated the ADA by blocking his phone number, and he asks the court to order HOA Strategies to unblock it and impose monetary sanctions.[52]

---

[47] (Rule 12(c) Mot. 2–3, Doc. No. 33.)

[48] (*Id.* at 2.)

[49] (Pl.'s Resp. to Def.'s Mot. for J. on the Pleadings, Doc. No. 42.)  Mr. Crossett also argued Mr. Shumway should be disqualified, and he filed a separate motion to disqualify Mr. Shumway as counsel for the defendants.  (Doc. No. 43.)  Mr. Crossett's request to disqualify Mr. Shumway will be addressed in a separate order.

[50] (Doc. No. 53.)

[51] (Pl.'s Mot. for Prelim. Inj. and Sanctions, Doc. No. 60.)

[52] (*Id.*)

## ANALYSIS

Ordinarily, an amended complaint completely replaces an original complaint, and any claims not reasserted are deemed abandoned.[53] But where Mr. Crossett is pro se and asserts he did not intend to replace the original complaint (and the defendants' motion addresses both complaints), both complaints are considered here. As explained below, Mr. Crossett's original complaint fails to state a claim under the ADA because this statute does not apply to private condominiums. And the court should decline to exercise jurisdiction over Mr. Crossett's remaining claims from the amended complaint, which all arise under state law. Accordingly, the undersigned recommends dismissal of Mr. Crossett's ADA claim for failure to state a claim and dismissal of the state-law claims without prejudice.

### A. ADA Claim

Defendants argue Mr. Crossett's ADA claim fails because (1) he fails to adequately plead he is disabled within the meaning of the ADA, (2) the defendants are not private entities which own, lease, or operate a place of public accommodation, and (3) Mr. Crossett does not allege he was denied public accommodations by any defendant due to his disability.[54] Defendants are correct that the condominium at issue

---

[53] *See Pierce v. Williams*, No. CIV 20-284, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[54] (Rule 12(c) Mot. 7–10, Doc. No. 33.)

here is not a place of public accommodation under the ADA. Accordingly, their other arguments need not be addressed.

The ADA provides "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations *of any place of public accommodation* by any person who owns, leases (or leases to), or operates a place of public accommodation."[55] As relevant here, the ADA defines "public accommodation" to include "an inn, hotel, motel, or other place of lodging."[56] "Facially, the statute does not include a private residence, such as a residential home or apartment."[57] Accordingly, the ADA does not apply to condominiums.[58]

Mr. Crossett's ADA claim and supporting allegations relate to a private condominium, which is not a place of public accommodation as defined in the ADA. Accordingly, he fails to state a cognizable claim under the ADA. Moreover, permitting

---

[55] 42 U.S.C. § 12182(a) (emphasis added).

[56] *Id.* § 12181(7)(A).

[57] *Johnson v. Montage N. Am., LLC*, No. 2:23-cv-00612, 2025 U.S. Dist. LEXIS 38479, at *5 (D. Utah Mar. 3, 2025) (unpublished) (quoting *Phibbs v. Am. Prop. Mgmt.*, No. 2:02-cv-00260, 2008 U.S. Dist. LEXIS 21879, at *6–7 (D. Utah Mar. 19, 2008) (unpublished)).

[58] *Indep. Hous. Servs. v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 (N.D. Cal 1993) ("[A]partments and condominiums do not constitute public accommodations within the meaning of the [ADA]."); *see also Phibbs*, 2008 U.S. Dist. LEXIS 21879, at *7 (noting the Fair Housing Act, not the ADA, covers residential facilities).

further amendment of this claim would be futile under these circumstances.[59] Therefore, dismissal of the ADA claim is appropriate. In the interest of justice, the undersigned recommends dismissal without prejudice.[60] Mr. Crossett's motion for a preliminary injunction[61] must also be denied, where it relates to his ADA claim and this claim is not cognizable.

> B. State-law Claims

Mr. Crossett's original complaint does not assert any other causes of action, and the new claims asserted in the amended complaint all arise under state law. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[62] Here, where the undersigned recommends dismissal of Mr. Crossett's only federal claim, it is appropriate to decline to exercise jurisdiction over his remaining state-law claims and dismiss those claims without prejudice.

---

[59] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

[60] Although any attempt to reallege an ADA claim would be futile, it is not apparent that no other cause of action could be brought based on the underlying events alleged in the original complaint. Where Mr. Crossett is pro se, and because dismissal with prejudice would have a res judicata effect, dismissal without prejudice is recommended.

[61] (Doc. No. 60.)

[62] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

## RECOMMENDATION

Because Mr. Crossett fails to state a cognizable claim under the ADA, and his remaining claims all arise under state law, the undersigned RECOMMENDS the district judge (1) grant in part the defendants' motion for judgment on the pleadings,[63] (2) deny Mr. Crossett's motion for preliminary injunction,[64] (3) dismiss the ADA claim without prejudice for failure to state a claim, and (4) dismiss the remaining state-law claims without prejudice.  The parties have the right to object to this Report and Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[65]

DATED this 11th day of July, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[63] (Doc. No. 33.)

[64] (Doc. No. 60.)

[65] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).