THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID CROSSETT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CARRIAGE CROSSING CONDOMINIUMS, HOA STRATEGIES, TREVER MIDGLEY, JOSEPH GROBERG, ERIKA LNU, HARLAND REIST, HEIDI BELNAP, JOY AMES, LOGAN VAN WAGONER-CARRUTH, LYNNE WILDE, VALON LEE, MILLER HARRISON, LLC, and DOUG SHUMWAY,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [ECF NOS. 50 AND 51] PLAINITFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND ORDER DENYING MOTION IN LIMINE**<br><br>Case No. 1:24-cv-00125<br><br>District Judge David Barlow |

　　　　Plaintiff David Crossett ("Mr. Crossett") objects to the magistrate judge's decisions denying his motion to proceed in forma pauperis and denying his motion in limine. For the reasons stated below, the court overrules the objections.

### BACKGROUND

　　　　Mr. Crossett is a pro se plaintiff bringing several claims against Defendants, including violations of the Americans with Disabilities Act, fraud, conspiracy, negligence, and intentional infliction of emotional distress.[1] Mr. Crossett filed a Motion in Limine requesting that the court exclude all evidence presented by Defendants that "has been influenced by" defense counsel.[2]

---

[1] Amended Complaint, ECF No. 18, filed Aug. 28, 2024.
[2] Plaintiff's Motion in Limine to Exclude Evidence Due to Opposing Counsel's Ethical Violations and Outrageous Behavior 3 ("Motion in Limine"), ECF No. 21, filed Sep. 4, 2024.

Magistrate Judge Oberg denied Mr. Crossett's Motion in Limine, stating that his allegations of misconduct were unsupported and that the court would not address evidentiary issues at this early stage in the litigation.[3] The order then states that because Mr. Crossett had filed two unfounded requests for sanctions against defense counsel, he is "advised that the repeated filing of unsupported or otherwise frivolous motions may result in the court imposing filing restrictions on him in this case."[4]

Mr. Crossett then filed his Objection to the Magistrate Judge's Decision denying his motion in limine.[5] This court issued a decision overruling Mr. Crossett's objection.[6] Mr. Crossett next filed a "Brief in Support of Objection to the Court's Characterization of Motions as 'Frivolous' and 'Further Restrictions' and Request for Clarification" (the "Brief").[7]

Mr. Crossett also filed a motion for leave to proceed in forma pauperis.[8] The magistrate judge denied the motion, finding Mr. Crossett had not demonstrated that he is qualified to proceed in forma pauperis.[9] Mr. Crossett objected to this decision (the "IFP Objection").[10]

---

[3] Docket Text Order denying Plaintiff's Motion in Limine ("DTO"), ECF No. 30, filed Oct. 2, 2024.
[4] *Id.*
[5] Objection to Order Labeling Motions as Frivolous and Threatening Filing Restrictions, ECF No. 38, filed Oct. 26, 2024.
[6] Memorandum Decision and Order Overruling Plaintiff's Objection to Magistrate Judge's Order Denying Motion for Accommodation and Order Denying Motion in Limine (Order Overruling Obj.), ECF No. 49, filed Nov. 15, 2024.
[7] Brief in Support of Objection to the Court's Characterization of Motions as 'Frivolous' and 'Further Restrictions' and Request for Clarification ("Brief"), ECF No. 51, filed Nov. 17, 2024.
[8] Motion to Proceed in Forma Pauperis, ECF No 34, filed Oct. 22, 2024.
[9] Memorandum Decision and Order Denying Motion to Proceed in Forma Pauperis ("IFP Order"), ECF No. 35, filed Oct. 23, 2024.
[10] Objection to Denial of Waiver Fees ("IFP Objection"), ECF No. 50, filed Nov. 17, 2024.

**STANDARD**

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[11] "The clearly erroneous standard. . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[12] "Under the contrary to law standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard."[13]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[14] However, pro se parties must still "follow the same rules of procedure that govern other litigants."[15]

**DISCUSSION**

Mr. Crossett first objects to the magistrate's decision to deny leave to proceed in forma pauperis.[16] The magistrate judge denied Mr. Crossett's motion because Mr. Crossett exceeded the income requirements in the District of Utah's Local Rules to qualify for a fee waiver or to

---

[11] Fed. R. Civ. P. 72(a).
[12] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[13] *Raytheon Co. v. Cray, Inc.*, No. 2:16-MC-898-DAK, 2017 WL 823558, at *2 (D. Utah 2017) (quoting *Williams v. Vail Resorts Dev. Co.*, No. 02-CV-16-J, 2003 WL 25768656, at *2 (D. Wyo. 2003)) (cleaned up).
[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).
[15] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).
[16] Mr. Crossett's objection was also filed outside the fourteen day time frame set out by Rule 72. *See* Fed. R. Civ. P. 72 (a).

proceed in forma pauperis.[17] Mr. Crossett objects to the magistrate's inclusion of his spouse's income in calculating his total monthly income.[18]

The magistrate judge's decision to include Mr. Crossett's spouse's income when determining if he qualified to proceed in forma pauperis was correct. As pointed out in the order, courts in the Tenth Circuit have routinely recognized that a party's spousal income is relevant in determining whether they qualify to proceed in forma pauperis.[19]

Next, Mr. Crossett addresses an objection that has already been considered and overruled by this court.[20] As the court found previously, the magistrate judge's decision to overrule Mr. Crossett's motion in limine was not clearly erroneous. Therefore, Mr. Crossett's renewed objection to the denial of his motion in limine is denied.

## ORDER

The Court OVERRULES Mr. Crossett's objections to the denial of leave to proceed in forma pauperis[21] and denial of his motion in limine.[22]

Signed July 28, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[17] IFP Order 2.
[18] IFP Objection 1.
[19] IFP Order 2; *see also Ice v. Comm'r of Social Sec. Admin.*, No. CIV-19-699-STE, 2019 WL 4131095, at *1 (W.D. Okla. 2019), *report and recommendation adopted sub nom. Ice v. Saul*, No. CIV-19-699-STE, 2019 WL 4131090 (W.D. Okla. 2019) ("A review of Plaintiff's Application demonstrates that he has the ability to pay the $400.00 filing fee. The Court has taken into consideration the income of Plaintiff's spouse in making this determination."); *Jackson v. U.S. Dep't of Army*, No. 14-4034, 2014 WL 2761142, at *1 (D. Kan. 2014) (considering spouse's salary to determine whether plaintiff could proceed without prepayment of fees).
[20] Order Overruling Obj. 5.
[21] ECF No. 50.
[22] ECF No. 51.