UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>Plaintiff,<br><br>v.<br><br>CARRIAGE CROSSING HOMEOWNERS ASSOCIATION et al,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [82] REPORT AND RECOMMENDATION**<br><br>Case No. 1:24-cv-00125-DBB-DAO<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is United States Magistrate Judge Daphne A. Oberg's Report and Recommendation.[1] It recommends granting in part and denying in part Defendants' Motion to Dismiss,[2] striking Plaintiff's Second Amended Complaint,[3] and dismissing this action without prejudice.

## BACKGROUND

Following this court's dismissal of Plaintiff's claims without prejudice on July 28, 2025,[4] Plaintiff filed his second amended complaint without seeking the court's leave.[5] Defendants moved to dismiss the second amended complaint as improperly filed and to close the case, seeking dismissal with prejudice.[6] Plaintiff did not respond to the motion, and the magistrate

[1] R. & R. ("R&R"), ECF No. 82, filed July 27, 2026.
[2] Mot. to Dismiss ("MTD"), ECF No. 77, filed Oct. 3, 2025.
[3] Second Am. Compl., ECF No. 75, filed Oct. 2, 2025. While this is the second amended complaint, Plaintiff erroneously captioned it as the first amended complaint.
[4] Order Adopting R. & R., ECF No. 73, filed on July 28, 2025.
[5] Second Am. Compl.
[6] MTD 2.

judge ordered him to show cause why the case should not be dismissed.[7] When Plaintiff responded, his filing was partially illegible due to a formatting error, which the magistrate judge invited him to correct.[8] Plaintiff refiled the response without the error, but he did not substantively respond to the motion to dismiss or make a statement regarding his intentions to proceed.[9]

The magistrate judge recommended granting in part and denying in part Defendants' motion to dismiss, striking Plaintiff's second amended complaint, and dismissing this action without prejudice on the basis that Plaintiff's second amended complaint was improperly filed under Federal Rule of Civil Procedure 15(a) and that Defendants have not shown that dismissal should be with prejudice.[10]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a party offers a timely and proper objection.[11] This court "reviews unobjected-to portions of a report and recommendation for clear error."[12] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[13]

---

[7] O.S.C., ECF No. 78, filed July 10, 2026.
[8] Resp. to O.S.C., ECF No. 79, filed July 16, 2026; Dkt. Text Order, ECF No. 80, filed July 16, 2026.
[9] Resp. to O.S.C., ECF No. 81, filed July 20, 2026.
[10] R&R 3–4.
[11] Fed. R. Civ. P. 72(b)(3).
[12] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[13] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

## DISCUSSION

No objections were filed, and therefore, the Report and Recommendation is reviewed for clear error. Having completed its review, the court finds that the magistrate judge's analysis and conclusion are not clearly erroneous. Accordingly, the court adopts the Report and Recommendation.

## ORDER

For the reasons stated above, the court:

1. ADOPTS the Report and Recommendation.[14]
2. GRANTS in PART and DENIES in PART Defendants' Motion to Dismiss.[15]
3. STRIKES the Second Amended Complaint; and
4. DISMISSES the action without prejudice.

Signed August 25, 2026.

BY THE COURT

David Barlow
United States District Judge

[14] ECF No. 82.
[15] ECF No. 77.